UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEONTE' NELSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:15-cv-00051-JMS-MJD |
| ) | |
| SUPERINTENDENT Putnamville ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Deonte' Nelson for a writ of habeas corpus challenges prison disciplinary proceedings identified as No. ISF 14-04-0009 and No. ISF 14-04-0010. For the reasons explained in this Entry, Mr. Nelson's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceedings

On March 26, 2014, two Conduct Reports were issued charging Mr. Nelson with battery with bodily fluid and attempting to commit battery with bodily fluid. The first Conduct Report states:

> At approximately 1230 pm on 3-26-14 I C/O Tipton #290 observed Offender Deonte Nelson DOC # 150262 off his bed during count. I ordered the offender to get on his bed, which he refused. I then ordered the offender into the latrine which he also refused. Then with my right hand I secured Nelson's left shirt sleeve while directing him into the latrine. Upon entering the latrine he got nose to nose with me and began screaming obscenities. As he was screaming his saliva was splattering me in the face. He then began chest bumping me which caused me to stumble backwards. At that time I called the signal 10 via radio and QRT arrived and escorted the offender out of the room. Offender was identified by his issued picture ID and informed of this CAB.

Filing No. 7-1 at 1.

On April 1, 2014, Mr. Nelson was notified of the charge and received the Screening Report. Mr. Nelson asked to view the video footage of the incident. Another inmate submitted a witness statement in which he asserted, among other things, that Mr. Nelson never touched Officer Tipton.

On April 8, 2014, a disciplinary hearing was held regarding this charge. Mr. Nelson stated at the hearing that he did not assault Officer Tipton. The hearing officer considered the following evidence: the Conduct Report, the statement of Mr. Nelson, the witness statement, and the video evidence. After reviewing this evidence, the hearing officer found Mr. Nelson guilty. The hearing officer noted that the "incident took place in the latrine out of sight of the camera," but there was a five second period of the video "that you see the offender get in the C/O's face." Filing No. 7-8 at 1. The sanctions imposed included an earned-time credit deprivation of 180 days, and the imposition of a previously suspended sanction.

In the second Conduct Report filed against Mr. Nelson on March 26, 2014, he was charged with attempting to commit battery with bodily fluid. The Conduct Report states:

> On 3-26-14 at approx. 1245 I Sgt. Rodgers was passing the strip cell when Offender Nelson, Deonte # 150262 said Fuck you bitch to myself and attempted to spit on me. I Sgt. Rodgers identified Offender Nelson by his stated I.D. and advised him of this conduct report.

Filing No. 7-10 at 1. Another Officer submitted a statement that corroborated Sgt. Rodgers's Conduct Report.

Mr. Nelson was also notified of this Conduct Report on April 1, 2014, and received the Screening Report. Mr. Nelson again asked to view the video footage of the incident.

A disciplinary hearing regarding the second charge was held on April 8, 2014—the same day as his first disciplinary hearing. Mr. Nelson stated at the hearing that he did not spit at all during the alleged incident. The hearing officer considered the following evidence: the statement from staff, the statement of Mr. Nelson, and the video evidence. After reviewing this evidence, the hearing officer found Mr. Nelson guilty. The hearing officer noted that one could not "see [the] video clear[ly] enough to be conclusive, [thus] used reports for [the] decision." Filing No. 7-15 at 1. The sanctions imposed included an earned-time credit deprivation of 50 days, and the demotion from credit class II to III.

### C.     Analysis

It is not entirely certain from Mr. Nelson's habeas petition whether he attempts to challenge both disciplinary proceedings, as the challenges he raises are not directed specifically at either or both disciplinary proceedings. Nevertheless, the Court will construe Mr. Nelson's claims as challenges to both proceedings.

Mr. Nelson raised two claims in his petition: (1) the video evidence shows that he did not assault or attempt to assault a correctional officer; and (2) excessive force was used against him.

The Court already dismissed Mr. Nelson's excessive force claim in the Court's Show Cause Order dated February 25, 2015, because such a claim is not cognizable in a habeas proceeding. This leaves only Mr. Nelson's first claim for the Court to address.

Mr. Nelson's first claim is essentially a challenge that there was insufficient evidence to find him guilty of the charged conduct. He does not contend that he should have been able to view the video. Nor does he, or could he, contend that the hearing officers' review of the video was in any way erroneous, as the hearing officer in both instances specifically noted that the video evidence did not definitively capture the moment in question. If the video evidence did not demonstrate Mr. Nelson's guilt, the only question that remains is whether there was enough evidence other than the videos for the hearing officers to find him guilty.

To find an inmate guilty of the charged offense, there must be "some evidence," which "require[es] only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). A Conduct Report alone may suffice as "some evidence." *Id.*; *see also Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (noting that even "meager" proof is sufficient).

The Conduct Reports in this case each constitute "some evidence" that Mr. Nelson committed the offenses of which he was found guilty. As to the battery with bodily fluid charge, the Conduct Report states that as Mr. Nelson "was screaming his saliva was splattering [the correctional officer] in the face." Filing No. 7-1 at 1. As to the attempting to commit battery with bodily fluid charge, the Conduct Report states that Mr. Nelson "attempted to spit" on a correctional officer. Filing No. 7-10 at 1.

Accordingly, regardless of the fact that the video evidence failed to conclusively establish Mr. Nelson's guilt, the evidence on which the hearing officers relied constitutes "some evidence"

that Mr. Nelson was guilty of the charged offenses.  Therefore, the Court will not overturn the hearing officer's decisions.  *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented").

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Mr. Nelson to the relief he seeks. Accordingly, Mr. Nelson's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: April 22, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DEONTE' NELSON
150262
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronically Registered Counsel